# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**TIMOTHY E. TRIMBLE,**

        **Plaintiff,**

**-vs-**                                         Case No. 2:12-cv-294-FtM-99DNF

**COMMONWEALTH OF PENNSYLVANIA,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On May 24, 2012, the Plaintiff, Timothy E. Trimble filed a Complaint (Doc. 1) and an Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2). The Court entered an Order (Doc. 4) on May 31, 2012 which required the Plaintiff to file an Amended Complaint. On June 19, 2012, the Plaintiff filed an Amended Complaint.

The Plaintiff is requesting leave to proceed *in forma pauperis*, which is without the payment of filing fees. When an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to Title 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. After review of the Amended Complaint (Doc. 5), the Court finds that Mr. Trimble has failed to set forth his claim adequately.

The Plaintiff alleges a claim against the Commonwealth of Pennsylvania for a violation of 42 U.S.C. §1983. Mr. Trimble provides a history of his dealings with the state court in the Commonwealth of Pennsylvania concerning his divorce and support issues. Mr. Trimble claims that he was deprived of his rights in those proceedings. From Mr. Trimble's allegations, the Court does not find that it has jurisdiction over the Commonwealth of Pennsylvania regarding the issues raised in this case.

The Plaintiff has not plead any facts which support *in personam* or personal jurisdiction over the Defendant, the Commonwealth of Pennsylvania. "When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure directs us to look to the state long-arm statute in order to determine the existence of personal jurisdiction." *Sculptchair, Inc. v. Century Arts, Ltd*, 94 F.3d 623, 626-627 (11th Cir. 1996) (citing *Cable/Home Commc'n v. Network Prod's*, 902 F.2d 829, 855 (11th Cir. 1990)). The Florida "long-arm" statute permits the courts to exercise jurisdiction over nonresident defendants who commit or direct certain specific acts, within this state. *See*, Fla. Stat. §48.193. Mr. Trimble has failed to show that the Commonwealth of Pennsylvania has committed or directed any act in this state which would confer personal jurisdiction over it.

**THEREFORE, IT IS RESPECTFULLY RECOMMENDED:**

That the Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2) be **DENIED** and this case be dismissed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __22nd__ day of June, 2012.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record